IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MARVIN W. GRAVES | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv413 |
| KEITH GARY, SHERIFF OF GRAYSON COUNTY, TEXAS and GRAYSON COUNTY JAIL | § § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Marvin W. Graves, an inmate confined at the Grayson County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

On August 20, 2010, the Court issued an Order (docket entry #5) that Plaintiff pay an initial partial filing fee within 30 days from receipt of that Order. He was warned that failure to pay the initial partial filing fee or show that he has insufficient assets within 30 days could result in dismissal of his complaint without further notice. Plaintiff acknowledged receipt of the Order on August 23, 2010 (docket entry #6). Therefore, his payment or complete application was due by Wednesday, September 22, 2010. To date, the Court has not received the initial partial filing fee. However, on September 3, 2010, Plaintiff filed a response to the Court's August 20, 2010, Order stating that it is up to the Court whether to dismiss his lawsuit and further stating that he has apparently obtained the relief that he sought in the lawsuit, or some measure of it.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay either the full filing fee or an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it in time. The Plaintiff was ordered to pay the initial partial filing fee or show he had insufficient assets, but he has neither paid any fee nor submitted the required paperwork, nor has he provided any excuse for such failure.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures,

prior to dismissing a case with prejudice. *Id*. at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has chosen not to comply with the Court's Order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. A fine would not be appropriate as a sanction since the Plaintiff has at least attempted to proceed *in forma pauperis*. A dismissal without prejudice is the best option.

Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for failure to prosecute and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 25th day of October, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE